UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA BEVERIDGE, | Case No. 14-14226 |
| Plaintiff | Paul D. Borman |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis United State Magistrate Judge |
| Defendant. _____/ | |

**REPORT AND RECOMMENDATION**
<u>**MOTION FOR ATTORNEY FEES PURUSANT TO 42 U.S.C. § 406(b)(1)**</u>

**I.     PROCEDURAL HISTORY**

On November 3, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Paul D. Borman referred this matter to then Magistrate Judge Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 3).  This matter was reassigned to the undersigned on January 5, 2016.  *See* Text-Only Order dated 1/5/16.  On March 10, 2016, the undersigned recommended that judgment be entered in plaintiff's favor and this matter remanded for further proceedings, and the recommendation was adopted by the District Court.  (Dkt. 23, 24).  The Court

entered judgment in plaintiff's favor.  (Dkt. 25).  On June 28, 2016, plaintiff filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), which was granted by the Court.  (Dkt. 26, 28).

On April 26, 2018, plaintiff then filed this motion for attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $8,710.50, subject to a refund of the previously paid amount under EAJA of $5,900.  (Dkt. 29-1). The government filed a response, indicating that plaintiff's motion is unopposed.  (Dkt. 30).  This matter has been referred to the undersigned for report and recommendation.  (Dkt. 31).

Regarding the parties' lack of contest, the Commissioner concurs with plaintiff that "the appropriate award amount under Section 206(b)(1) is $8,710.50, representing 25% of the retroactive benefit paid to Plaintiff."  (Dkt. 30).  The Commissioner also agrees with plaintiff that on receipt of that amount, plaintiff's counsel must refund $5,900 (representing the amount already paid to counsel under the EAJA) to plaintiff.  *Id*.  Thus, the Commissioner expressly states that she has no objection to a finding by this Court that plaintiff's counsel's request for fees under 42 U.S.C. § 406(b) in the amount of $8,710.50, subject to refund of the previous EAJA award, is reasonable.  *Id*.

## II.    RECOMMENDATION

Based on the foregoing agreement of the parties, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; and

(2) the Court award $8,710.50 in attorney fees to plaintiff's counsel, subject to the $5,900 refund from counsel to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 19, 2018                        s/Stephanie Dawkins Davis
                                                Stephanie Dawkins Davis
                                                United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on September 19, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov